PSS:JM

# M09-1132

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

THEOHARIS TOUMAZATOS,
    a/k/a/ "Harry Toumazatos,"

        Defendant.

- - - - - - - - - - - - - - - -X

SEALED COMPLAINT AND
AFFIDAVIT IN SUPPORT OF
APPLICATION FOR ARREST
WARRANT AND SEIZURE
WARRANTS

(T. 18, U.S.C., §§
981(a)(1)(C), 981(b),
1341, 1957 and 2 and T.
21, U.S.C. § 853(f)

EASTERN DISTRICT OF NEW YORK, SS:

        KENNETH M. LUCENTE, being duly sworn, deposes and says

that he is a Postal Inspector with the United States Postal

Inspection Service ("USPIS"), duly appointed according to law and

acting as such.

        On or about and between November 10, 2009 and November

12, 2009, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant

THEOHARIS TOUMAZATOS, also known as "Harry Toumazatos," did

knowingly engage and attempt to engage in a monetary transaction

in criminally derived property of a value greater than $10,000,

which was derived from the proceeds of specified unlawful

activity, specifically, on or about and between August 2008 and

October 2009, both dates being approximate and inclusive,

TOUMAZATOS did knowingly and intentionally devise a scheme and

1

artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did place and caused to be placed in post offices and authorized depositories, such mail items to be sent or delivered by the Postal Service, for the purpose of executing such scheme or artifice, in violation of Title 18, United States Code, Sections 1341 and 2.

(Title 18, United States Code, Section 1957(a)).

This affidavit is also submitted in support of the government's application to seize all funds on deposit at the following Citibank Accounts, up to the sum of $1,375,741.35: (a) Citibank Account Number 72448920 held in the name of TOUMAZATOS (the "8920 Account"); (b) Citibank linked accounts, Account Number 32174881 (the "4881 Account") and Account Number 9957017686 (the "7686 Account"), both held in the name of Theoharis his wife; and (c) Citibank Account Number 32174910 held in the name of TOUMAZATOS and his wife (the "4910 Account") (collectively, the "Citibank Accounts"). The government also seeks to seize all funds on deposit at Chase Bank Account Number 694503786265 held in the name of Harry & Associates, dba TT & Associates (the "6265 Account") up to $100,349.68. The government also seeks to seize up to the amount of $265,000 on deposit at TD Bank Account Number 4726356028, held in the name of

2

TOUMAZATOS and his wife (the "6028 Account") (together with the Citibank Accounts and the Chase 6265 Account, the "Target Accounts"). As set forth more fully herein, there is probable cause to believe that the Target Accounts contain the proceeds of mail fraud and are therefore subject to forfeiture pursuant to Title 21, United States Code, Section 981(a)(1)(C).

The sources of your deponent's information and the grounds for his belief are as follows:[1]

### Application for An Arrest Warrant

1.    I have been a Postal Inspector with the USPIS for approximately eighteen months.

2.    In connection with the instant investigation, I have reviewed payroll accounting documents, bank account information, personnel documents and interviewed employees of Intercept Interactive, doing business as Undertone Networks, Inc. ("Undertone"), located at 270 Madison Avenue, New York, New York. Undertone has approximately 102 employees and maintains bank accounts at HSBC in New York, New York. I have also reviewed publicly available information from the New York State Secretary of State and the Automated City Register Information System for

---

[1]    Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

3

New York City ("ACRIS").

3.    Based on a review of his passport, the defendant,
THEOHARIS TOUMAZATOS, also known as "Harry Toumazatos", is a
United States citizen, with a primary place of residence in
Seaford, New York.

4.    Based on information and documents provided by
Undertone employees, the TOUMAZATOS was hired as the Controller
for Undertone on or about July 14, 2008.  As Controller, the
defendant had supervisory responsibilities over accounting
functions at Undertone, including accounts receivable, accounts
payable and payroll functions.

5.    Based upon conversations with personnel at both
Undertone and Automated Data Processing, Inc. ("ADP"), a Delaware
Corporation, I have learned that for the period August 2008
through October 2009, ADP provided payroll services to Undertone
as detailed below.  My investigation has also included a review
of print-outs from the ADP on-line system utilized by Undertone.
Based upon conversations with ADP personnel, I understand that
ADP maintains many bank accounts at J.P. Morgan Chase around the
United States, from which it remits the payroll for Undertone
employees.

6.    Based on conversations with Undertone employees, I
understand that TOUMAZATOS used a pass code to access ADP's on-

4

line payroll system.  As the Controller of Undertone, TOUMAZATOS regularly input payroll information such as name, salary, address, tax deductions and direct deposit bank account information for Undertone's employees.

7.    Only TOUMAZATOS, Undertone's Chief Executive Officer ("Undertone CEO") and Chief Financial Officer ("Undertone CFO") had access to Undertone's account on ADP's on-line system.

8.    Based upon the information TOUMAZATOS input into ADP's system, ADP was able to determine a dollar amount for the total payroll for Undertone's employees.  ADP then had the ability to debit Undertone's HSBC account in the amount of the total Undertone payroll and deposit that full amount into ADP's account at Deutsche Bank in New York, New York.

9.    Then, based on the on-line information provided by TOUMAZATOS, ADP directed that direct payroll deposits be distributed from its J.P. Morgan Chase accounts in various states, via wires, into Undertone's employees' accounts.  ADP separately sent, via the mails, payroll stubs for all Undertone employees from its offices in New Jersey to the attention of the defendant at Undertone's offices in Manhattan.

10.    Based upon information from Undertone employees, I have learned that on or about October 29, 2009 TOUMAZATOS was terminated from Undertone's employment and new employees were

5

tasked with payroll duties.

11. In the course of reviewing payroll for October 31, 2009, Undertone employees observed certain irregularities. Specifically, they noticed that several employees, who were terminated from employment during 2008 and early 2009 were still named on the Undertone payroll reports from ADP. Upon further investigation, Undertone personnel determined that while these former employees names (or slightly altered names) remained on payroll, their biographical information including addresses and direct deposit information were changed subsequent to their termination date. As set forth below, the result of these changes was that money ostensibly going to these terminated employees was, instead, being directed to bank accounts controlled by TOUMAZATOS. Undertone has provided the USPIS with a compilation of documents including ADP on-line reports and personnel records that it used in the course of its investigation.

12. For example, based on print-outs from ADP's on-line system, EMPLOYEE #1 was terminated from Undertone on July 31, 2008; as of that date, Undertone did not authorize any further remittances to EMPLOYEE #1. On or about December 19, 2008, EMPLOYEE #1's direct deposit-designated bank routing information was changed to the Citibank 8920 Account. Between

December 19, 2008 and October 29, 2009, $154,115.85 was deposited into the 8920 Account.

13. The Citibank 8920 Account is the bank account that TOUMAZATOS used to receive his direct-deposits for his salary from Undertone. Based upon communications with Citibank, according to Citibank records, Citibank 8920 Account is owned by TOUMAZATOS.

14. The ADP on-line reports indicate that direct deposit-designated bank accounts for three additional terminated Undertone employees were changed to Citibank 8920 Account after their termination. Total remittances the 8920 Account, related to terminated Undertone employees, including those described above, is $254,087.04.

15. ADP on-line reports also indicate that EMPLOYEE #2 was terminated on September 2, 2009; as of that date, Undertone did not authorize any further remittances to EMPLOYEE #2. On or about September 30, 2009, EMPLOYEE #2's address was changed in the on-line ADP system to 21 South End Avenue, Suite 321, New York, New York, and EMPLOYEE #2's direct deposit-designated bank account was changed to the Citibank 4910 Account.

16. Based on communications with Citibank personnel, according to Citibank records, the 4910 Account is owned by TOUMAZATOS and his wife.

7

17. The ADP on-line reports indicate that direct deposit-designated bank accounts for one additional terminated Undertone employee was changed to the Citibank 4910 Account after that employee's termination. Total remittances from ADP's accounts at J.P. Morgan Chase in various states into the Citibank 4910 Account, related to terminated Undertone employees, is $186,229.57.

18. Based upon ADP on-line reports, Employee #3 was terminated on or about May 14, 2008; as of that date, Undertone did not authorize any further remittances to EMPLOYEE #3. In or about December, 2008, EMPLOYEE #3's biographical information was altered and the direct deposit-designated bank account was changed to the Citibank 4881 Account.

19. According to Citibank records, the 4881 Account is owned by Theoharis and his wife; the account is domiciled in New York State.

20. ADP on-line reports indicate that direct deposit-designated bank accounts for nine additional terminated Undertone employees were changed to the Citibank 4881 Account after their termination. Total remittances from ADP's accounts at J.P. Morgan Chase in various states into the 4881 Account, related to terminated Undertone employees, is $1,165,004.74.

21. Based upon ADP on-line reports, EMPLOYEE #4 was

8

terminated on or about April 3, 2009; as of that date, Undertone did not authorize any further remittances to EMPLOYEE #4.   In or about April 21, 2009, EMPLOYEE #4's biographical information was altered and the address was changed to and address in New York, New York (the "New York Address").   Additionally, Employee #4's direct deposit-designated bank account was changed to the Chase 6265 Account.

22.   According to Chase records, the 6265 Account is owned by Harry & Associates LLC.   According to publicly available sources, the TOUMAZATOS purchased the New York Address on February 20, 2009. Based on the records of the New York State Secretary of State, TOUMAZATOS is the registered agent for Harry & Associates, LLC.

23.   The ADP on-line reports indicate that direct deposit-designated bank accounts for two additional terminated Undertone employees were changed to the 6265 Account after their termination.   Total remittances from ADP's accounts at J.P. Morgan Chase in various states into the 6265 Account, related to terminated Undertone employees is $100,349.68.

24.   As set forth above, TOUMAZATOS engaged in a scheme to defraud Undertone by providing false employee payroll information to ADP and having payroll for terminated employees paid into the Target Accounts.   These unauthorized deposits

9

totaled $1,696,671.03:   $67,712.63 in 2008 and $1,630,958.40 in 2009.   Additionally, on a number of occasions, TOUMAZATOS directed other unauthorized payments made to him directly into the 8920 Account.   These payments totaled $64,787.05.

25.   Based upon a review of the 4881 Account information, my investigation was able to trace the flow of funds from that account to an account at TD Bank.   Specifically, on or about November 10, 2009, TOUMAZATOS caused the 6028 Account to be opened at TD Bank in Elmhurst, New York, within the Eastern District of New York.   On or about November 12, 2009, the defendant TOUMAZATOS deposited into the 6028 Account a check in the amount of $265,000, which was drawn the proceeds of the mail fraud scheme contained in the Citibank 4881 Account.   The deposits of TD Bank and Citibank are both insured by the Federal Deposit Insurance Corporation.

**The Citibank Accounts:   The 8920 Account**

26.   When TOUMAZATOS began his employment with Undertone in July 2008, he requested that his salary be deposited directly into his checking account, specifically, the 8920 Account.   According to a July 11, 2008 letter signed by TOUMAZATOS on July 14, 2008, TOUMAZATOS' salary was to be $135,000 per annum with eligibility for a $15,000 bonus to be pro-rated for the year.   At that time, he also designated his

10

wife, as his emergency contact, and his home address in Seaford, New York.

27. Based upon ADP on-line reports, between October 31, 2008 and December 29, 2008, in addition to TOUMAZATOS' regular, authorized payroll deposits, six deposits, totaling $64,787.05, were paid into TOUMAZATOS' 8920 Account via ADP. According to the company's Chief Financial Officer, none of these payments, which were variously classified as "Other," "Large$$" and "Bonus," were authorized by Undertone.

28. Additionally, as set forth in paragraphs 12 through 14 above, TOUMAZATOS caused for $2$̶$4,087.04 to be deposited into the 8920 account based on false pretenses.

29. Accordingly, $309,874.09 of proceeds traceable to mail and wire fraud was deposited into the 8920 Account.

### The Citibank Accounts:  The 4881 Account

30. As set forth in paragraphs 18 through 20 above, the 4881 Account is held by TOUMAZATOS and his wife.  From 2008 to the present, $1,165,004.74 of unauthorized payroll deposits on behalf of terminated or non-existent employees was made into the 4881 Account.  This checking account is domiciled at Citibank's location at 460 Park Avenue, New York, New York.

11

### The Citibank Accounts: The 4910 Account

31.   As set forth in paragraphs 15 through 17, the 4910 Account is held by TOUMAZATOS and his wife.  Approximately, $186,229.57 of payroll deposits from Undertone via ADP were made into this account.  This account is domiciled at Citibank's location at 460 Park Avenue, New York, New York.

### The Citibank Accounts: The 7686 Account

32.   TOUMAZATOS and his wife opened the 7686 Account this fall.  Law enforcement has been advised that TOUMAZATOS and his wife have since transferred over $260,000 from one or more of the Citibank Accounts into this account.   This account was opened on-line and is linked to the 4881 Account, which is domiciled at Citibank's location at 460 Park Avenue, New York, New York.

### The Chase 6265 Account

33.   As set forth in paragraphs 21 through 23 above, the 6265 Account is held at Chase Bank and held in the name of Harry & Associates LLC.  Approximately, $100,349.68 of payroll deposits from Undertone via ADP were made into this account. This account is domiciled at Chase's Sheridan Square Branch at 204 West 4th Street, New York, New York.

## The TD 6028 Account

34.   TOUMAZATOS opened this account on or about November 10, 2009 and on November 12, 2009, TOUMAZATOS wrote a check in the amount of $265,000 from the 4881 Account and deposited that entire amount into the 6028 Account.   This savings account is domiciled at TD's Branch at 7801 Queens Boulevard, Elmhurst, New York.

## The Seizure Warrant

35.   For the foregoing reasons, there is probable cause to believe that the Target Accounts contain the proceeds of mail fraud and are therefore subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).   This Court may therefore issue a warrant authorizing their seizure pursuant to Title 18, United States Code, Section 981(b) and Title 21, United States Code, Section 853(f).   A restraining order, pursuant to Title 21, United States Code, Section 853(e) will not be sufficient to preserve the Target Accounts for forfeiture, given the ease with which monies in those accounts may move (via wire, ATM withdrawal, internet banking, etc.).

13

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for defendant THEOHARIS TOUMAZATOS, also known as "Harry Toumazatos," so that he may be dealt with according to law.  Your deponent further requests that seizure warrants be issued for each of the Target Accounts.  Your deponent also requests that this affidavit and the arrest and seizure warrants be sealed except that the USPIS may disclose this affidavit and the arrest warrant as necessary to effectuate the arrest and arraignment of TOUMAZATOS and may disclose the seizure warrants as necessary to effectuate the seizure of the Target Accounts.

Kenneth M. Lucente
Postal Inspector,
United States Postal Inspection Service

Sworn to before me this
16th day of November, 2009

THE HONORA    S/ bold
UNITED STA
EASTERN DI

14